## BOYLE LEATHER GOODS CO., Inc., v. FELDMAN et al.

### No. 330.

Circuit Court of Appeals, Second Circuit.

July 8, 1940.

Louis Schumacher, of New York City, for defendants-appellants.

John P. Chandler, of New York City, for complainant-appellee.

Before L. HAND, AUGUSTUS N. HAND, and CLARK, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

The court below held claims 1, 2 and 3 of U. S. Patent No. 1,889,765, known as the Switkes Patent, valid and infringed by the defendants and granted the usual injunction and accounting to the complainant, exclusive licensee of Travelers Efficiency Case Company which owned the patent. The defendants have appealed. We hold the claims in issue void for lack of invention. The interlocutory decree should be reversed and the complaint dismissed accordingly.

The Switkes invention relates to improvements in hand luggage. Its object is to provide a compact suit-case which will serve in part for the reception or filing of papers, documents and the like, and in part for the reception of other articles such as those required for use in travelling. A further object is to provide a device wherein the filing portion may be readily exposed to view and expanded to render it accessible for use and when not in use will be in a collapsed condition and completely enclosed.

The specification describes a device in which a collapsible-expansible filing receptacle is carried by the cover or upper member of a suit-case and in which the filing receptacle, when the cover is open, is suspended therefrom in distended or expanded condition and in separated relation to the lower portion of the suit-case. When the filing receptacle is in a collapsed condition, it will occupy a portion of the interior of the suit-case and leave the remaining portion available for the reception of articles to be used while travelling. When the filing receptacle is in use it may be suspended in expanded condition from the cover and when not in use will lie in collapsed condition within the cover.

It would seem to be no great achievement to install a filing receptacle in the cover of a suit-case. Such an installation has advantages for some purpose, for a lawyer or businessman can thus carry papers and clothing in a single handbag and by putting up the top of the bag and letting down the filing receptacle examine the contents of the pockets without disturbing the remaining contents of the bag. To attach pockets that will hold papers or other articles to the covers of trunks or bags is as old, we believe, as the small hair-cloth trunks of our ancestors. But more recent prior art in this very field is not lacking. Overlapping flaps covering a secret pocket for holding valuable papers and hinged inside the lid of the suit-case may be seen in U. S. Patent No. 1,081,014 to Burchess. Blakely in his U. S. Patent No. 1,097,290 shows a transverse partition containing fanlike expansible-collapsible elements, hinged to the top of a Gladstone bag and designed to hold papers. U. S. Patent No. 1,524,757 to Sonin shows a hat-box with a transverse partition hinged to the cover. The British Patent No. 156,365 to Beech provides for a writing pad or other equivalent hinged to the upper lid of a suit-case and discloses a device operating in substantially the same way as the patent in suit. The patent to Tarbox (U. S. No. 1,444,811) is for a filing-case. We find nothing in the Switkes patent except a suit-case that has the Tarbox filing case attached to the cover in a convenient and obvious way. The court below held that the Switkes patent involved invention because of the particular way in which Switkes attached his filing-case to the frame of the suit-case. This Switkes accomplished by so securing the inner end of the socalled floating partition that the pleated portions of the file would be expansible at their rear verticle edges and would not pinch or bind the contents of the file. But a filing-case that is expansible throughout is shown in the U. S. Patent No. 314,598 to Meek where the result was accomplished by the use of cords and eyelets to loosen or tighten the pockets. Likewise the U. S. Patent No. 1,444,811 to Tarbox discloses a filing-case which is definitely expansible at the bottom ends of the gussets. It was limited only by binding posts and the sides of the container. These posts permitted "expansion and contraction of the thickness of the filing case at the bottom from a minimum determined" by their retracted dimensions "to a maximum determined by the extended or taut dimension of the bottom * * *." (U. S. Patent No. 1,444,811 to Tarbox, p. 1, 1. 92–110.) The patentee Tarbox also remarked on p. 2, 1. 126–130 of the specification that: "If the box, or stiff walled type, is chosen instead of the portfolio, or flexible type, the fact

that the end walls of the box confine the bottom ends of the gussets eliminates the necessity for the flexible binding posts 16." We think it quite certain that the patent in suit made no advance over Tarbox in respect to expansibility at the bottom ends of the file or in respect to the so-called "floating partition".

The complainant would in any case have difficulty in sustaining a patent for such a simple and obvious improvement as the Switkes specification discloses. But in the record before us there is no showing of prior attempts to install a filing-case in a suit-case and failure to accomplish the desired result. As soon as the attempts to do this were made by Tarbox and Switkes both patentees succeeded in assembling the parts and forming the combined enclosure and filing-case as readily as one might expect. We are satisfied that the creation of the convenient device of Switkes did not involve inventive talent.

Decree reversed and cause remanded, with directions to dismiss the bill.